IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD OBENAUF,

    Plaintiff,

v.

TATE & KIRLIN ASSOCIATES, INC.,

    Defendant.

## COMPLAINT FOR DAMAGES

1. After Plaintiff Richard Obenauf had requested, in writing, that Defendant Tate & Kirlin Associates, Inc., a debt collection agency, stop calling him – it was attempting to collect a debt owed by someone who had earlier been assigned Mr. Obenauf's home telephone number – it nonetheless continued to call him. Mr. Obenauf seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

### Jurisdiction

2. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337.

### Parties

3. Plaintiff Richard Obenauf resides in Albuquerque, New Mexico.

4. Defendant Tate & Kirlin Associates, Inc. is a debt collection agency whose principal business is the collection of consumer debts. It regularly collects or attempts to collect debts originally owed or due or asserted to be owed or due another. It is licensed as a collection agency by the New Mexico Financial Institutions Division. Tate & Kirlin is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Facts

5. Tate & Kirlin had purchased the debt account it was trying to collect from Roger Neugebauer via telephone calls to Mr. Obenauf's number, or it had obtained the right to collect on this account, after the account was in default.

6. Upon information and belief, this account was obtained for personal, family or household purposes.

7. In May 2010, Mr. Obenauf received a new home telephone number.

8. Apparently, someone named Roger Neugebauer had been assigned the number before him.

9. Mr. Obenauf spends a significant time at home working on his Ph.D. thesis.

10. On March 6, 2012, Mr. Obenauf received a telephone call from Tate & Kirlin at his home telephone number.

11. The March 6 call was from (888) 799-8009. This telephone number is assigned to Tate & Kirlin.

12. Mr. Obenauf discovered that the telephone number used to place the March 6 call belonged to Tate & Kirlin and that Tate & Kirlin was a debt collector.

13. Mr. Obenauf, having received calls for Mr. Neugebauer from other debt collectors, decided to try to stop the calls from Tate & Kirlin right away so that he would not be disturbed by further calls.

14. In a letter dated March 6, 2012, Mr. Obenauf informed Tate & Kirlin that he was not Mr. Neugebauer and that Mr. Neugebauer apparently had his telephone number before he had it. He also asked Tate & Kirlin to "cease all communication to my phone or otherwise causing it to ring." In the March 6 letter, Mr. Obenauf identified his home telephone

2

number so that Tate & Kirlin could take actions that would prevent any further calls being placed to his home telephone.

15. Mr. Obenauf sent the March 6 letter to Tate & Kirlin via certified mail.

16. Sending the March 6 letter via certified mail cost Mr. Obenauf $5.75.

17. Tate & Kirlin received this letter on March 8, 2012.

18. Nevertheless, Tate & Kirlin continued to telephone Mr. Obenauf's home telephone number. It telephoned him on January 8, 2013, and perhaps other times as well.

19. The call on January 8 was from (215) 554-6484. This telephone number is assigned to Tate & Kirlin.

20. Mr. Obenauf confirmed that the January 8 call had been placed by Tate & Kirlin by calling (215) 554-6484 and asking the person who answered for the name of the company that had placed the call. This person confirmed that the call had been placed by Tate & Kirlin.

21. Mr. Obenauf has been frustrated and aggravated by Tate & Kirlin's failure to leave him alone.

22. As a result of Tate & Kirlin's conduct, Mr. Obenauf has suffered actual damages, including:

    a. Out of pocket expenses;

    b. Lost time; and

    c. Aggravation and frustration.

### First Claim for Relief: Violations of the FDCPA

23. Tate & Kirlin's actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692d and 1692d(5).

24. Mr. Obenauf is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

## Request for Relief

Mr. Obenauf requests that this Court:

A. Award statutory and actual damages, for violations of the FDCPA;

B. Award reasonable attorney fees and costs; and

C. Award such other relief as the Court deems just and proper.

Respectfully submitted,

TREINEN LAW OFFICE PC

_____
ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)